47 P.3d 173 (2002)
112 Wash.App. 95
STATE of Washington, Respondent,
v.
O'Keith (NMI) McGILL, Appellant.
No. 47686-6-I.
Court of Appeals of Washington, Division 1.
June 3, 2002.
*174 Cheryl D. Aza, Washington Appellate Project, Seattle, for Appellant.
Melinda J. Young, King County Prosecutors Office, Seattle, for Respondent.
AGID, J.
O'Keith McGill appeals his sentence on three drug convictions, asserting that (1) the sentencing court erred in failing to recognize that it had authority to impose an exceptional sentence and (2) he did not have effective assistance of counsel at sentencing because his attorney did not cite the authorities which would permit the court to impose an exceptional sentence below the standard range. In State v. Sanchez[1] and State v. Hortman[2] we held that, in circumstances similar to those in this case, a trial judge could impose an exceptional sentence down because the multiple offense policy of the Sentencing Reform Act (SRA) resulted in an excessive sentence. McGill's defense counsel did not cite this precedent to the trial court, and the court was apparently not aware of it. We agree with McGill that the sentencing court erroneously believed it could not depart from a standard range sentence even though it expressed a desire to do so. We therefore vacate McGill's sentence and remand so the trial court can consider an exceptional sentence.

FACTS
Raymond Meeth worked for the Kent Police Department as a confidential informant. He originally assisted in undercover narcotics purchases to work off a forgery arrest. After he satisfied that obligation, he continued to work as an informant for money. In February 2000, Meeth's neighoor bought crack cocaine from O'Keith McGill. Meeth told Detective Matthew Holmes about the deal, and the Kent Police Department arranged *175 three different cocaine purchases between Meeth and McGill.
The first purchase was on February 9, 2000. Meeth called McGill, agreed to buy $60 worth of cocaine, and arranged to meet him at a local grocery store. Detectives Holmes and David Trogdan gave Meeth money to buy the cocaine, drove him to the store, and positioned themselves to witness the sale. In exchange for cocaine, Meeth gave McGill $60. Meeth returned to the detectives and gave them the cocaine. The other two transactions, the following day and six days later, occurred essentially the same way.
Detective Holmes obtained a search warrant and executed it on February 17. McGill was arrested, and the officers found two bags of cocaine on him. The State charged him with three counts of delivery of cocaine and one count of possession of cocaine with intent to deliver. A jury convicted him of two counts of delivery of cocaine and one count of possession with intent to deliver cocaine. Defense counsel argued for a sentence at the low end of the standard range, but did not request an exceptional sentence. The sentencing court, believing it had to impose a standard range sentence, gave McGill 87 months, the bottom of the standard range. McGill timely appeals his sentence.

DISCUSSION
McGill maintains that his case should be remanded for resentencing because the sentencing court erred in failing to recognize its authority to consider an exceptional sentence. Even though McGill's counsel had not asked for an exceptional sentence below the standard range, at sentencing, the trial court stated:

I'm sure you are aware that the legislature has decided that judges should not have discretion beyond a certain sentencing range on these matters. And sometimes some of these drug cases, it seems like, when you compare them to some of the really violent and dangerous offenses, it doesn't seem to be justified. But it's not my call to determine the standard range. The legislature has done that for me.
So I have no option but to sentence you within the range on these of 87 months to 116 months. But I do get to decide where in that range the sentence is appropriate.
And you do have a fairly significant criminal history, and certainly a lot of times that means you are going to be sentenced to the middle or high end of that range.
But given the support that you've got, obviously you've got a lot of family support and friends, the efforts that you've made while in custody, and knowing that you'll be probably facing a long time in prison, you've still chosen to do that, and I think that you are serious about your receiving treatment and recovery, I'm going to impose the low end of the standard range, 87 months ....[3]
The court's belief that it lacked authority to impose an exceptional sentence was incorrect. Under RCW 9.94A.535(1)(g), it is within the discretion of a sentencing court to consider and impose an exceptional sentence downward under the multiple offense policy of the SRA.[4]
The State argues that, under former RCW 9.94A.210(1), a defendant may not appeal a standard range sentence.[5] That standard, however, is not an absolute prohibition on the right of appeal.[6] "Rather, it precludes only appellate review of `"challenges to the amount of time imposed when the time is within the standard range".'"[7] *176 We can therefore review a court's decision to impose a standard range sentence in "circumstances where the court has refused to exercise discretion at all or has relied on an impermissible basis for refusing to impose an exceptional sentence below the standard range."[8] When a court has considered the facts and concluded there is no legal or factual basis for an exceptional sentence, it has exercised its discretion, and the defendant cannot appeal that ruling.[9] Here, the trial court refused to exercise its discretion to consider an exceptional sentence because it erroneously believed it lacked the authority to do so.
Remand for resentencing is often necessary where a sentence is based on a trial court's erroneous interpretation of or belief about the governing law. For example, in State v. Hale,[10] we remanded for consideration of an exceptional sentence downward because the trial court mistakenly believed there was a mandatory minimum for attempted murder and it could not impose an exceptional sentence downward. And in State v. Bonisisio, we remanded an exceptional sentence for resentencing within the standard range because it was "likely the trial court would have imposed a sentence within the standard range had it correctly interpreted the statute to allow concurrent enhancements."[11]
Remand is not mandated when the reviewing court is confident that the trial court would impose the same sentence when it considers only valid factors.[12] But here the trial court's comments indicate it would have considered an exceptional sentence had it known it could. We therefore cannot say that the sentencing court would have imposed the same sentence had it known an exceptional sentence was an option. We remand for the court to exercise its principled discretion.[13]
McGill also maintains that he was deprived of effective assistance of counsel because his attorney did not argue for an exceptional sentence below the standard range based on the multiple offense policy, RCW 9.94A.535(1)(g). He cites State v. Sanchez[14] in support of his position. There, the defendant was convicted of three counts of delivering cocaine. All were controlled buys of small amounts of cocaine initiated by police and the same informant over a brief period of time. We upheld the trial court's decision to impose an exceptional sentence below the standard range. The sentencing court concluded, and we agreed, that operation of the multiple offense policy of the SRA resulted in a presumptive sentence that was clearly excessive.[15] Similarly, in State v. Hortman,[16] we affirmed an exceptional sentence below the standard range based on multiple controlled buys, stating:
Whether a given presumptive sentence is clearly excessive in light of the purposes of the SRA is not a subjective determination dependent upon the individual sentencing philosophy of a given judge. Rather, it is an objective inquiry based on the Legislature's own stated purposes for the act. Sanchez holds that a presumptive sentence calculated in accord with the multiple offense policy is clearly excessive if the difference between the effects of the first criminal act and the cumulative effects of the subsequent criminal acts is nonexistent, trivial or trifling.... [[17]]
McGill's ineffective assistance argument is based on his counsel's failure to cite this case law to the trial court and use it to argue for an exceptional sentence down. The State urges us to reject this argument *177 based on State v. Hernandez-Hernandez.[18] There, Division Three rejected an ineffective assistance argument in a case like ours where counsel failed to cite Sanchez and Hortman to the sentencing court. The Hernandez-Hernandez court held the failure to make the argument was not ineffective because the trial court was free to reject the Sanchez argument. We disagree. A trial court cannot make an informed decision if it does not know the parameters of its decision-making authority. Nor can it exercise its discretion if it is not told it has discretion to exercise.[19]
Reversed and remanded for resentencing.
KENNEDY, J., and ELLINGTON, J., concur.
NOTES
[1] 69 Wash.App. 255, 848 P.2d 208, review denied, 122 Wash.2d 1007, 859 P.2d 604 (1993).
[2] 76 Wash.App. 454, 886 P.2d 234 (1994), review denied, 126 Wash.2d 1025, 896 P.2d 64 (1995).
[3] (Emphasis added.)
[4] RCW 9.94A.535(1)(g) provides:

The operation of the multiple offense policy of RCW 9.94A.589 results in a presumptive sentence that is clearly excessive in light of the purpose of this chapter, as expressed in RCW 9.94A.010.
See, e.g., State v. Sanchez, 69 Wash.App. 255, 848 P.2d 208.
[5] Former RCW 9.94A.210(1) recodified at RCW 9.94A.585; State v. Friederich-Tibbets, 123 Wash.2d 250, 252, 866 P.2d 1257 (1994).
[6] State v. Herzog, 112 Wash.2d 419, 423, 771 P.2d 739 (1989).
[7] State v. Garcia-Martinez, 88 Wash.App. 322, 329, 944 P.2d 1104 (1997) (quoting State v. Herzog, 112 Wash.2d 419, 423, 771 P.2d 739 (1989)), review denied, 136 Wn.2d 1002 (1998).
[8] Id. at 330.
[9] Id.
[10] 65 Wash.App. 752, 757-58, 829 P.2d 802 (1992).
[11] 92 Wash.App. 783, 797, 964 P.2d 1222 (1998), review denied, 137 Wash.2d 1024, 980 P.2d 1285 (1999).
[12] State v. Pryor, 115 Wash.2d 445, 456, 799 P.2d 244 (1990).
[13] See RCW 9.94A.010; State v. Parker, 132 Wash.2d 182, 190, 937 P.2d 575 (1997).
[14] 69 Wash.App. at 261, 848 P.2d 208.
[15] Id. (citing former RCW 9.94A.390(1)(g) recodified at RCW 9.94A.535(1)(g)).
[16] 76 Wash.App. 454, 886 P.2d 234.
[17] Id. at 463-64, 886 P.2d 234 (citation omitted).
[18] 104 Wash.App. 263, 15 P.3d 719, review denied, 143 Wash.2d 1024, 25 P.3d 1020 (2001).
[19] Id. at 266, 15 P.3d 719.