# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

IN THE MATTER OF THE ) No. 65690-2-I
PERSONAL RESTRAINT OF: )
)
) DIVISION ONE
ALI ELMI, )
) UNPUBLISHED OPINION
Petitioner. )
) FILED:  SEP 2 3 2013

PER CURIAM.  Ali Elmi filed a personal restraint petition challenging his conviction by a jury of one count of attempted first degree murder, three counts of first degree assault, and one count of violating a protection order for an incident in which he fired shots into his estranged wife's house with her child and siblings inside.  The convictions on the four felony counts carried firearm enhancements. In an order dated June 18, 2013, this court dismissed Elmi's claims that: (1) his right to a public trial was violated when the trial court sealed juror questionnaires without conducting the analysis required by State v. Bone-Club[1]; (2) appellate counsel was ineffective for failing to raise the public trial issue on direct appeal; and (3) post-trial concerns about the credibility of an expert witness merited a reference hearing.

---

[1] 128 Wn.2d 254, 258-59, 906 P.2d 325 (1995).

The sole remaining issue is whether the sentencing court erred when it stated that it had no discretion to impose concurrent instead of consecutive sentences for separate serious violent offenses.

At sentencing, the State argued that because the four felony counts were serious violent offenses, the sentences were required to run consecutively.[2] The State also argued that the firearm enhancements were required to run consecutively to the sentences for the underlying crimes.[3] This resulted in a standard range sentence of 459 to 651 months plus 240 months for the firearm enhancements. Defense counsel argued for an exceptional sentence below the standard range. The sentencing court stated:

> I don't know that there is an easier way to put this, because this isn't an easy thing to do. There is no delight in sentencing someone to a great amount of prison time. No delight at all. Not for me, anyway. But I don't believe that the laws of the state of Washington allow me to do anything other than what I am about to do.
>
> Now, I would add to Mr. Elmi's situation, I would certainly indicate that from my own perspective, I believe that the standard range in this case is too high. I truly do believe that. However, I also believe that the law requires the imposition of a sentence of 459 months, plus the 240 months, of which are to run consecutive. I believe that is what the law requires. I believe I don't have any other choice but to follow the law in this instance. That is 699 months. When you compare the 699 months in this case to the cases that Mr. Elmi has just pointed out, and the cases that [defense counsel] pointed out in her material, and to the cases I'm personally familiar with, there seems to be some disparity. And I certainly would agree

---

[2] Former RCW 9.94A.030(37)(a) (2002) lists crimes that constitute "serious violent offenses," including first degree assault and attempted first degree murder. Pursuant to RCW 9.94A.589(1)(b), sentences for multiple serious violent offenses "shall be served consecutively to each other."

[3] "[A]ll deadly weapon enhancements...shall run consecutively to all other sentencing provisions[.]" Former RCW 9.94A.510(4)(e) (2002).

with that. But I would also agree with the State that the sentencing called for under the law is the sentence that I have just imposed...It's clear to me that all of those sentences have to be consecutive because of the nature of the crimes with which Mr. Elmi has been convicted.

The sentencing court sentenced Elmi to a total of 699 months, which included consecutive sentences on the four felonies as well as consecutive firearm enhancements.

In In re Pers. Restraint of Mulholland, 161 Wn.2d 322, 166 P.3d 677 (2007), the Washington Supreme Court held that a sentencing court has the discretion to impose concurrent sentences for separate serious violent offenses as an exceptional sentence, and that the failure to recognize such discretion constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." Mulholland, 161 Wn.2d at 332-333.

> The record does not show that it was a certainty that the trial court would have imposed a mitigated exceptional sentence if it had been aware that such a sentence was an option. Nonetheless, the trial court's remarks indicate that it was a possibility. In our view, this is sufficient to conclude that a different sentence might have been imposed had the trial court applied the law correctly. Where the appellate court "cannot say that the sentencing court would have imposed the same sentence had it known an exceptional sentence was an option," remand is proper. State v. McGill, 112 Wn. App. 95, 100-01, 47 P.3d 173 (2002). As we said in Grayson, "[w]hile no defendant is entitled to an exceptional sentence ..., every defendant is entitled to ask the trial court to consider such a sentence and to have the alternative actually considered." Grayson, 154 Wn.2d at 342, 111 P.3d 1183 (citing Garcia-Martinez, 88 Wn. App. at 330, 944 P.2d 1104).

Mulholland, 161 Wn.2d at 334.

Here, the sentencing court indicated a desire to give Elmi a mitigated exceptional sentence but believed it could not do so. The facts are identical to

those in <u>Mulholland</u>. Thus, like the court in <u>Mulholland</u>, we conclude that it is appropriate to remand to the sentencing court for consideration of Elmi's request for an exceptional sentence in light of applicable law.[4]

For the court:

Becker, J.

---

[4] We need not address Elmi's related claim that appellate counsel was ineffective for failing to raise this issue on direct appeal.