IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 71313-2-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| MARLON ROBERTO ALDRIDGE, | ) | |
| Appellant. | ) | FILED: March 16, 2015 |

BECKER, J. — A defendant who pleads guilty to first degree assault is subject to a five-year mandatory minimum sentence when he admits that he shot the victim with force and means likely to produce great bodily harm or death. The facts so admitted are the equivalent of the facts the State would have to prove at trial in order to justify the mandatory minimum that applies to a defendant who, in the language of the pertinent statute, "used force or means likely to result in death."

Late one night in July 2012, two men got into a fight in downtown Seattle. Appellant Marlon Aldridge approached them, and one of the men struck Aldridge in the face and knocked him down. Aldridge hit his head on the curb. Moments later, Aldridge got up, followed the man, and shot him in the groin. The State charged Aldridge with one count of first degree assault with a firearm enhancement. Because Aldridge had three prior felony convictions for controlled

substances (the most recent in 2005), the State also charged him with one count of unlawful possession of a firearm.

After a jury was selected, the State offered to dismiss the firearm enhancement if Aldridge pleaded guilty and agreed to make a joint recommendation for a high-end standard range sentence of 171 months. Aldridge accepted the offer.

Before sentencing, Aldridge—represented by new counsel—moved to withdraw his plea on the ground that he was misinformed that a five-year mandatory minimum applies automatically to assault in the first degree. The trial court denied the motion. Aldridge appeals.

Due process requires that a defendant's guilty plea be knowing, voluntary, and intelligent. CrR 4.2(d); In re Pers. Restraint of Isadore, 151 Wn.2d 294, 297, 88 P.3d 390 (2004). Once a guilty plea is accepted, the trial court may allow withdrawal of the plea only to correct a manifest injustice. CrR 4.2(d). An involuntary guilty plea constitutes a manifest injustice. State v. Wakefield, 130 Wn.2d 464, 472, 925 P.2d 183 (1996). A plea is involuntary where the defendant is misinformed of a direct consequence of his plea. State v. Mendoza, 157 Wn.2d 582, 584, 141 P.3d 49 (2006). A mandatory minimum sentence is a direct consequence of a guilty plea. Wood v. Morris, 87 Wn.2d 501, 513, 554 P.2d 1032 (1976). The above-cited case law establishes that Aldridge is entitled to withdraw his plea if he was misinformed that he was subject to a mandatory minimum sentence.

It is undisputed that Aldridge was informed that his plea would necessarily subject him to a mandatory minimum sentence of five years. This is evident from the testimony given at the plea withdrawal hearing by the attorney who represented Aldridge at the time he entered the plea. He was asked if he informed his client "that assault one has a mandatory minimum sentence of at least five years of confinement?," and he answered, "Correct." He then testified that he did not tell Aldridge that not all convictions for first degree assault result in a mandatory minimum sentence:

> Q. And did you explain to Mr. Aldridge that that is not—that is not an absolute state of affairs? That in other words the statutory minimum period of confinement attaches only in certain cases when certain findings are made?
> A. I did not do that in this case because I believe those circumstances do exist.

If Aldridge was misinformed, he does not have to establish that the information he was given was material to his decision to plead guilty. Mendoza, 157 Wn.2d at 590. The court does not "engage in a subjective inquiry into the defendant's risk calculation and the reasons underlying his or her decision to accept the plea bargain." Mendoza, 157 Wn.2d at 590-91. Although it may seem that concern about a five-year mandatory minimum is pointless in the context of an agreed recommendation for a 171-month sentence, the State does not make that argument. The State forthrightly acknowledges that "even though Aldridge was aware that he would serve more than five years, the five-year mandatory minimum has additional consequences"—namely, the offender does not earn early release credit during the five-year period. RCW 9.94A.540(2).

3

A five-year mandatory minimum sentence applies to offenders convicted of first degree assault only under two conditions: where the offender "used force or means likely to result in death or intended to kill the victim." RCW 9.94A.540(1)(b). This sentencing statute "indicates that the legislature intended to increase the punitive requirement for certain assaults that are characterized by unusually (within the world of assault) violent acts or a particularly sinister intent." In re Pers. Restraint of Tran, 154 Wn.2d 323, 329-30, 111 P.3d 1168 (2005). If the prosecution of Aldridge had proceeded to trial, the State would have had to prove at least one of these conditions to the finder of fact in order to obtain a mandatory minimum sentence. The State acknowledges these principles as the starting point of the analysis.

Aldridge argues that the mandatory minimum cannot be applied to him because there was no jury finding that he either "used force or means likely to result in death" or "intended to kill the victim." But as the State points out, Aldridge waived the right to jury fact-finding by pleading guilty. The question is whether, given the facts that Aldridge admitted by pleading guilty, a mandatory minimum sentence was a direct consequence of his plea.

Aldridge pleaded guilty to assault in the first degree "as charged in the information." The information specifically alleged that Aldridge assaulted the victim with "force and means likely to produce great bodily harm or death." "Great bodily harm" is defined, among other things, as "bodily injury which creates a probability of death." RCW 9A.04.110(4)(c). The words "a probability of death" mean the same thing as "likely to result in death." By admitting that he

4

assaulted the victim with force and means likely to produce either great bodily harm (bodily injury which creates a probability of death) or death itself, Aldridge necessarily admitted that he "used force or means likely to result in death"—the fact which, according to the statute, triggers a mandatory minimum sentence.

Because Aldridge was correctly informed that the five-year minimum would be a consequence of his plea, the trial court did not err by refusing to permit him to withdraw it.

In his reply brief, Aldridge asserts that the mandatory minimum was not, in fact, applied to him in the judgment and sentence. Because this argument is made for the first time in his reply brief, we need not consider it. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). In any event, Aldridge does not explain what bearing the actual judgment and sentence have on the issue of the voluntariness of his plea.

Aldridge also argues that remand for resentencing is required because the trial court erroneously believed it had no discretion to deviate from the agreed recommendations of the parties at sentencing.

The court imposed the 171-month sentence both parties had agreed to recommend after hearing how deeply Aldridge regretted the plea:

> Okay. Thank you, sir. Okay, well I appreciate everybody's thoughts about this. I feel really constrained, though, to follow the parties' agreement and so I will sentence in accordance with the parties' agreement of 171 months on count 1 and 48 months and count 2, followed by a period of 36 months of community service.

A trial court fails to exercise sentencing discretion when it erroneously believes it has none. State v. McGill, 112 Wn. App. 95, 98-99, 47 P.3d 173

(2002). The court's remarks quoted above, however, do not indicate a belief that a court must always impose the sentence that the parties to a plea agreement have agreed to recommend. We are confident that the experienced trial judge knew he could impose a different sentence if he found there was a good reason to do so.

Affirmed.

WE CONCUR:

Becker, J.

Trickey, J