# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|                           |   |                        |
|---------------------------|---|------------------------|
| STATE OF WASHINGTON,      | ) | No. 73295-1-I          |
|                           | ) |                        |
| Respondent,               | ) | DIVISION ONE           |
|                           | ) |                        |
| v.                        | ) |                        |
|                           | ) |                        |
| LAURA MARIE REED,         | ) | UNPUBLISHED            |
|                           | ) |                        |
| Appellant.                | ) | FILED: March 7, 2016   |
|                           | ) |                        |

COX, J. – Laura Reed appeals her conviction for second degree assault. Here, the trial court properly instructed the jury on reasonable doubt using WPIC 4.01. But the trial court imposed discretionary legal financial obligations on Reed under the mistaken belief that the obligations were mandatory. Thus, we affirm Reed's conviction, but remand for resentencing so that the court may appropriately exercise its discretion on these legal financial obligations.

The State charged Reed with second degree assault, domestic violence. After a trial, a jury found her guilty as charged.

The court sentenced Reed. This sentence included several legal financial obligations. At the sentencing hearing, Reed objected to these financial obligations. The court responded by stating that these obligations were mandatory.

Reed appeals.

## REASONABLE DOUBT INSTRUCTION

Reed argues that the reasonable doubt instruction given in this case, WPIC 4.01, is unconstitutional. Because controlling precedent directs trial courts to use this standard instruction, we reject this argument.

Here, the trial court instructed the jury on reasonable doubt, using WPIC 4.01—the standard reasonable doubt instruction. In relevant part, that instruction states "A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence."[1]

Reed claims this standard instruction is unconstitutional. In substance, she argues the instruction mandates that a juror must be able to articulate a reason in order to have reasonable doubt. She also argues this alleged articulation requirement undermines the presumption of innocence.

The supreme court has ordered trial courts to use WPIC 4.01 in all criminal cases.[2] This court recently noted that directive in rejecting the same argument that Reed makes here.[3] We reject this argument on the same basis.

## LEGAL FINANCIAL OBLIGATIONS

Reed argues that the court abused its discretion when it imposed discretionary legal financial obligations under the belief that they were mandatory. We accept the State's concession of error and remand for resentencing.

---

[1] WPIC 4.01.

[2] State v. Bennett, 161 Wn.2d 303, 318, 165 P.3d 1241 (2007).

[3] State v. Lizarraga, ___ Wn. App. ___, 364 P.3d 810, 830 (2015).

A sentencing court's failure to exercise its discretion is reversible error.[4] If the court fails to exercise its discretion based on its erroneous belief about the law, we remand for resentencing.[5]

Here, the court imposed several legal financial obligations, including fees for a domestic violence assessment, a jury demand, and court appointed counsel. These three fees are discretionary.[6]

The State properly concedes that the court imposed these fees under the mistaken belief that they were mandatory. We accept this concession and remand so that the court may exercise its discretion on these fees.

We affirm Reed's conviction. We remand for resentencing only on the discretionary legal financial obligations imposed by the court.

_____
Cox, J.

WE CONCUR:

_____          _____
Spearman, C.J.

_____

[4] State v. Grayson, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005).

[5] State v. McGill, 112 Wn. App. 95, 100, 47 P.3d 173 (2002).

[6] RCW 10.99.080; RCW 10.01.160.