2016 NOV 14 AM 10: 44
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75639-7-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| SHANNA MARIA WILLIAMS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: November 14, 2016 |
| | ) | |

BECKER, J. — The trial court believed it was bound by an agreement between the defendant and the drug court program to sentence the defendant to the high end of the standard range when it terminated her from drug court, despite the fact that there is no such agreement in the record. The trial court failed to exercise its discretion. We reverse the sentence and remand for resentencing.

Appellant Shanna Williams pleaded guilty to residential burglary on December 12, 2013. Her undisputed standard range sentence for this offense was 63 to 84 months. Williams entered the Pierce County drug court program and sentencing was continued while she was in this program.

Williams failed to comply with certain conditions of the drug court program. On January 12, 2015, the court terminated her from the drug court program and

sentenced her to 84 months, the maximum of the standard range. Williams appeals the length of her sentence.

Generally, a sentence within the standard sentence range for an offense is not appealable. RCW 9.94A.585(1). We can, however, review a trial court's decision to impose a standard range sentence where the court has refused to exercise discretion at all. State v. McGill, 112 Wn. App. 95, 100, 47 P.3d 173 (2002).

Williams argues that the trial court failed to recognize that it had the discretion to sentence her anywhere within the standard range. She contends that the trial court erroneously believed that it lacked authority to impose anything other than the high end of the standard range sentence. At sentencing, the State said: "The State is asking for the 84 months, as the paperwork says, they shall receive the high end of the standard range." Williams responded, "Your Honor, Shanna knows that she agreed to the high end of her standard sentencing range; that's part of the Drug Court contract." The court said, "Part of the understanding and the agreement when you come into Drug Court is the high end of the sentencing range. We've got to be consistent in regards to that. . . . I know I'm sentencing your family as well because this is not an easy thing to do. I don't take this lightly. I don't like doing this. But, I don't feel like, as I said, I had any choice. So I'm gonna sentence you to 84 months. That's the agreement of the Drug Court."

Despite the apparent consensus of the parties and the court, however, the record does not contain any evidence that Williams agreed to a high end

2

standard range sentence as part of her drug court participation. Williams's guilty plea states that if she "does not successfully complete drug court, State will ask for standard range sentence." The "Post Disposition Drug Court Notice to Defendant," signed the same day as the guilty plea, states, "You understand and agree that if the Court terminates you from the Drug Court Program you will be sentenced within the standard range."

In short, the record makes clear that Williams's standard range sentence is 63 to 84 months and that she could expect to be sentenced within that range if she failed to complete the drug court program. But the record does not contain any agreement that the court would, or had to, sentence her at the high end of that range. The State fails to identify any such evidence in the record.

The trial court believed there was a binding agreement by Williams that she would accept a sentence at the high end of the standard sentence range if she did not successfully complete the drug court program. The trial court did not recognize that it had the discretion to sentence Williams anywhere within the standard range and therefore did not exercise its discretion in determining the appropriate standard range sentence for Williams. For this reason, we remand for resentencing.

Williams requests that this court exercise its discretion to decline to impose appellate costs in this case. Because we remand for resentencing, no appellate costs will be imposed against Williams. The State should be aware, however, that when an appellant's opening brief requests that appellate costs not be imposed, the request is not premature and the State should respond to the

merits of this request in its brief rather than waiting until the cost bill stage of the appeal. See, e.g., State v. Sinclair, 192 Wn. App. 380, 367 P.3d 612, review denied, 185 Wn.2d 1034 (2016).

The sentence is reversed. Remanded for resentencing.

Becker, J.

WE CONCUR:

Spearman, J.

Appelwick J