## IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

STATE OF WASHINGTON,       )
                           )
                           )
           Respondent,     )
                           )
      v.                     )
                           )
ALEXSEY SHULISHOV,      )
                           )
           Appellant.      )

No. 75868-3-I/Consolidated w/
No. 75869-1-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: January 22, 2018

SPEARMAN, J. — To succeed on a claim of ineffective assistance of counsel, a defendant must show that (1) the lawyer's performance fell below an objective standard of reasonableness and (2) there was a reasonable probability that but for the deficient performance, the outcome of the proceeding would have been different. If the defendant cannot prove both prongs, the claim fails. Here, the sentencing court imposed a $2,000 drug fine on appellant Alexsey Shulishov. He claims that as a result of his lawyer's failure to inform the sentencing court that it had discretion to waive the fine, the lawyer's representation was ineffective. But even if counsel's performance could be considered deficient, Shulishov cannot show that but for the error, the outcome of the proceeding would have been different. We affirm.

## FACTS

Alexsey Shulishov pled guilty to residential burglary, possession of heroin, and second degree theft. His sentencing hearing was dominated by debate over whether to grant Shulishov a drug offender sentencing alternative (DOSA) sentence, which the court ultimately denied. The state recommended imposing a number of legal financial obligations (LFO): a $2,000 Violation of the Uniform Controlled Substances Act (VUCSA) fine, a $500 victim penalty assessment, a $200 filing fee, and a $100 DNA fee. In response, Shulishov's attorney asked that the court "waive court cost[s] and fines that you can waive..." Verbatim Report of Proceedings (VRP) (09/02/16) at 9.[1] After referring to himself as "the old drug court judge", the sentencing judge said that for the possession and theft convictions, "I am going to impose a drug fine of $2,000, a $500 victim penalty assessment, and a $100 DNA fee." VRP at 13; 16. For the residential burglary, the court imposed another $500 victim penalty assessment and $100 DNA fee. The court also found Shulishov indigent in both cases for purposes of appeal. Shulishov appeals his LFO, arguing that his counsel was deficient for failing to inform the sentencing court that the VUCSA fine was discretionary.

## DISCUSSION

We review an ineffective assistance of counsel claim de novo. State v. White, 80 Wn. App. 406, 410, 907 P.2d 310 (1995). The defendant has the burden of establishing ineffective assistance of counsel. State v. Humphries, 181

---

[1] All citations to the VRP refer to the 09/02/16 proceedings.

Wn.2d 708, 719-720, 336 P.3d 1121 (2014). To prevail, a defendant must show that (1) counsel's performance "fell below an objective standard of reasonableness and (2) there was prejudice, measured as a reasonable probability that the result of the proceeding would have been different." Id. at 720 (citing Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

Shulishov argues that he received ineffective assistance of counsel because his attorney failed to alert the sentencing court that the $2,000 VUCSA fine may be waived based on a finding of indigence. The claim fails because even if defense counsel's performance could be considered deficient, Shulishov cannot show a reasonable probability that the effort affected the outcome of the proceeding. First, the sentencing judge identified himself as the "old drug court judge," which indicates that he was familiar with discretionary nature of the VUCSA fine. In addition, the DOSA report that the sentencing judge referred to throughout the hearing stated that the $2,000 drug fine "may be waived if the court makes a finding of indigence." Clerk's Papers (CP) at 40. Finally, the form used by the court to enter the judgment and sentence presented three alternatives for the VUCSA fine: $1,000, $2,000, or "VUCSA additional fine deferred due to indigency." CP at 14. Thus, the judgment and sentence itself informed the sentencing judge of its discretion with respect to the VUCSA fine. It is apparent from this record that the sentencing court was well aware of its discretion when it imposed the VUCSA fine.

No. 75868-3-I/4 Consolid. w/
No. 75869-1-I

Shuilshov argues that he was prejudiced by ineffective assistance because "[a] trial court cannot make an informed decision if it does not know the parameters of its decision-making authority. Nor can it exercise its discretion if it is not told it has discretion to exercise." State v. McGill, 112 Wn. App. 95, 102, 47, P.3d 173 (2002). But in McGill, the trial court denied that it had discretion to impose a downward exceptional sentence and counsel failed to argue otherwise. Here, the record amply demonstrates that the sentencing court was aware of its discretion. Under these circumstances, Shulishov cannot show that he was prejudiced by his counsel's failure to explicitly advise the sentencing court of its discretion.

Affirmed.

WE CONCUR:

Spearman, J.

Mann, J.

Dwyer, J.

4