IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36880-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CALLEN C. WESSELS, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Callen Christopher Wessels appeals his standard range sentence for vehicular homicide and hit and run. We affirm.

## FACTS

Two months after his 21st birthday, Callen Wessels got drunk at a party and drove away in his truck. While speeding past another vehicle, Mr. Wessels flipped his truck and crashed into a ditch. The truck's cab was crushed. Mr. Wessels was able to get out of the truck and leave the area. But his passenger, 19-year-old Jared Lee, was not so lucky. Mr. Lee died as a result of the crash. When Mr. Wessels fled the scene, he left Mr. Lee behind, to be discovered later by first responders.

The police caught up with Mr. Wessels at his house. When questioned about what happened, Mr. Wessels lied. He claimed he was not involved in the crash. Instead, he insisted he had been carjacked at gunpoint. The police were unconvinced. Mr. Wessels was arrested and booked into jail.

Once at the jail, Mr. Wessels was read his rights and interviewed a second time. During the second interview, Mr. Wessels eventually admitted to dishonesty. Mr. Wessels agreed that he was the driver at the time of the crash. However, he suggested Mr. Lee had done something to interfere with the truck's operation immediately before the crash. Mr. Wessels was charged with vehicular homicide, hit and run, reckless driving, and perjury.

Mr. Wessels pleaded guilty to vehicular homicide and hit and run, pursuant to a plea agreement. The State agreed to recommend a sentence of 100 months' imprisonment. This sentence was within the standard range of 86 to 114 months. Mr. Wessels reserved the right to argue for any lawful sentence.

The sentencing hearing was lengthy. Testimonials were presented on behalf of Mr. Wessels and Mr. Lee. Mr. Lee's family requested the judge impose the maximum possible sentence. They shared not only their grief at losing Mr. Lee, but also their outrage that Mr. Wessels had fled the scene and lied about his conduct. Mr. Wessels's

friends and family spoke to Mr. Wessels's many good qualities. They described Mr. Wessels as a kind, hardworking, and helpful person who made an uncharacteristically poor decision on the night of the accident. None of Mr. Wessels's supporters described him as impulsive or immature. In fact, Mr. Wessels's high school friend, Carlene Hatfield, described Mr. Wessels as "the most responsible out of all" of her group of friends. Report of Proceedings (May 28, 2019) at 62.

At the close of the testimonials, Mr. Wessels's attorney asked for an exceptional sentence downward. Defense counsel drew attention to Mr. Wessels's youth and the support of his family and friends. She referenced an incident in a neighboring county where a similar offense has resulted in a sentence of 18 months' probation.

The sentencing judge acknowledged Mr. Wessels's youth and the fact drinking is somewhat common in people Mr. Wessels's age. Nevertheless, the judge voiced concern over the prevalence of drunk driving among young people. The judge prioritized deterrence over other sentencing concerns. It selected a high-end sentence of 114 months as necessary for community safety.

Mr. Wessels timely appeals his sentence.

ANALYSIS

Appeals of standard range sentences are generally prohibited. RCW 9.94A.585(1). A sentencing judge has almost unfettered discretion to impose a standard range sentence. Appellate review turns not on whether we agree or disagree with the sentencing judge's decision. Instead, review turns on whether the defendant can establish legal error such as (1) a categorical refusal to award an exceptional sentence downward under any circumstance, (2) reliance on a constitutionally improper basis for sentencing (sex, race, religion, etc.), or (3) failure to recognize discretion to impose an exceptional sentence downward. *See State v. McFarland*, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017); *State v. Garcia-Martinez*, 88 Wn. App. 322, 328-29, 944 P.2d 1104 (1997).

Mr. Wessels has not established a basis for appellate relief. The sentencing judge could have imposed a lower sentence, but it was not required to do so. *State v. O'Dell*, 183 Wn.2d 680, 695, 358 P.3d 359 (2015) ("[A]ge is not a per se mitigating factor automatically entitling every youthful defendant to an exceptional sentence."). The judge considered the testimonials presented by Mr. Wessels, listened to defense counsel's arguments in favor of mitigation, and then opted to issue a sentence rooted in deterrence. This decision was a permissible exercise of sentencing discretion.

The sentencing judge's decision to focus on deterring young adults from drunk driving was not a legal error warranting relief on appeal. Youth is a possible mitigating factor, but it is not a suspect classification. Regardless of whether a deterrence message aimed at young adults might have been effective, we have no legal basis for questioning the judge's justification for a standard range sentence.

In addition to directly attacking his sentence, Mr. Wessels claims his attorney was ineffective in failing to cite case law authorizing an exceptional sentence downward based on youth. To establish a claim of ineffective assistance, Mr. Wessels must demonstrate deficient performance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The record supports neither.

The record does not show deficient performance. Mr. Wessels's attorney emphasized Mr. Wessels's youth and asked for an exceptional sentence downward. There are not facts suggesting more could be done. The record contains no evidence Mr. Wessels was impulsive or immature for his age. Given this circumstance, cases addressing downward departures based on youth were not directly applicable and would not have aided Mr. Wessels's leniency plea. *O'Dell*, 183 Wn.2d at 691 (recognizing that mitigated culpability for individuals over 18 may exist as to "specific individuals" over 18 with "particular vulnerabilities" such as "impulsivity, poor judgment, and susceptibility to

5

outside influences"); *see also State v. Moretti*, 193 Wn.2d 809, 824, 446 P.3d 609 (2019)

(leniency under *O'Dell* depends on the existence of evidence that "youth contributed to

the commission" of the defendant's offense).

Mr. Wessels also fails to show prejudice. This is not a case where the sentencing

judge lamented Mr. Wessels's sentence as excessive. We have no reason to think the

judge would have changed its sentencing decision had defense counsel provided citations

to *O'Dell* or similar cases.

## CONCLUSION

The judgment and sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Pennell, C.J.

I CONCUR:

_____
Lawrence-Berrey, J.

6

No. 36880-7-III

FEARING, J. (dissenting) — I agree with the majority that RCW 9.94A.585(1) generally bars appellate review of a sentence within the standard range. Callen Wessels' sentencing court sentenced Wessels within the standard range, although at the highest end of the range. Nevertheless, RCW 9.94A.585(1) does not completely forestall appellate review of a sentence falling within the standard range.

Trial judges have considerable discretion under the Sentencing Reform Act of 1981, chapter 9.94A RCW, but still must act within its strictures. *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005). While no defendant is entitled to challenge a sentence within the standard range, this rule does not preclude a defendant from challenging on appeal the underlying legal determinations by which the sentencing court reaches its decision. *State v. McFarland*, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017). Remand for resentencing is often necessary when a sentence is based on a trial court's erroneous interpretation of or belief about the governing law. *State v. McGill*, 112 Wn. App. 95, 100, 47 P.3d 173 (2002).

At the time of his criminal misconduct, Callen Wessels was 21 years of age. Youth alone does not demand that the sentencing court lower the offender's sentence. *State v. O'Dell*, 183 Wn.2d 680, 695-96, 358 P.3d 359 (2015). Nevertheless, at least as to youth below the age of 21, the sentencing court should consider whether youth diminished the offender's culpability. *State v. O'Dell*, 183 Wn.2d at 695-96. A lack of maturity and an undeveloped sense of responsibility often result in impetuous and ill-considered actions and decisions. *Roper v. Simmons*, 543 U.S. 551, 569, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005).

A youth's immaturity extends to age 25. A National Institutes of Health study shows that the region of the brain that inhibits risky behavior does not fully form until the age of 25. *United States v. Gall*, 374 F. Supp. 2d 758, 762 (S.D. Iowa 2005) (citing Elizabeth Williamson, *Brain Immaturity Could Explain Teen Crash Rate,* WASH. POST, *Feb. 1, 2005, at A01)*, *rev'd*, 446 F.3d 884 (8th Cir. 2006), *rev'd*, 552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). The prefrontal cortex does not have nearly the functional capacity at age 18 as it does at age 25. *In re Palmer*, 33 Cal. App. 5th 1199, 1210, 245 Cal. Rptr. 3d 708, *review granted*, 445 P.3d 1004 (Cal. 2019). Thus, regardless of the specific crime at issue, juvenile offenders are categorically less culpable than adult offenders, and the chronological age of a minor is itself a relevant mitigating factor of great weight. *Miller v. Alabama*, 567 U.S. 460, 471-72, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012); *Eddings v. Oklahoma*, 455 U.S. 104, 116, 102 S. Ct. 869, 71 L. Ed. 2d 1

(1982). During Callen Wessels' sentencing hearing, an ophthalmologist mentioned that car rental companies will not rent vehicles to individuals under the age of 25.

At the conclusion of the lengthy sentencing hearing and when announcing its sentence, Callen Wessels' trial court referenced a news story lamenting the one hundred days between Memorial Day and Labor Day because of the conduct of young drivers during this window of time. Because of a recess in school and the good weather, young people drink and drive during the summer months. The sentencing court wished to implant fear in a young person's mind that killing someone while driving intoxicated will result in a substantial time in prison. For these reasons, the sentencing court imposed the maximum sentence.

Callen Wessels' sentencing court was not required to grant an exceptional sentence below the standard range or even decrease the sentence within the standard range because of Callen Wessels' youth. But the sentencing court could not employ youth as a factor in increasing the sentence to the high end of the standard range. The sentencing court thereby employed a mitigating factor as an aggravating factor contrary to law, and the court accordingly abused its discretion.

I have the highest regard and respect for my colleague, the sentencing judge, but I dutifully dissent. I would remand for the sentencing court to reassess the length of the sentence based on youth being a factor favoring Callen Wessels, not a factor to increase Wessels' punishment.

I Dissent:

_____
Fearing, J.