# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  53005-8-II |
| Respondent, | |
| v. | |
| JOSEPH WAYNE RHODES, | UNPUBLISHED OPINION |
| Appellant | |

LEE, C.J. – Joseph Wayne Rhodes appeals certain legal financial obligations (LFOs) imposed following his conviction for a felony domestic violence court order violation.  The State concedes error.  In his statement of additional grounds (SAG) for review, Rhodes contends that he should have received an exceptional sentence below the standard range and that he was not on community custody.

We accept the State's concession regarding LFOs and remand to the trial court to strike from Rhodes's judgment and sentence the criminal filing fee, jury demand fee, supervision fee, and interest accrual provision relating to nonrestitution LFOs.  We affirm all other aspects of Rhodes's sentence.

## FACTS

Police stopped Lori Goodlow, Rhodes's girlfriend, for a traffic violation.  Rhodes was inside the vehicle.  Police discovered a no contact order prohibiting Rhodes from contacting Goodlow.

The State charged Rhodes with felony domestic violence court order violation. The jury found him guilty as charged.

Rhodes requested an exceptional sentence below the standard range of credit for time served. He argued that he was entitled to an exceptional sentence because Goodlow invited him into the car and there was no violence.

The trial court recognized its ability to impose an exceptional sentence downward and considered Rhodes's request for an exceptional downward sentence, but it did not find a basis for imposing an exceptional sentence below the standard range. The trial court imposed a standard range sentence of 15 months and 12 months of community custody.

The trial court found Rhodes indigent under RCW 10.101.010(3)(c) because Rhodes "receives an annual income, after taxes, of one hundred twenty-five percent or less of the current federally established poverty level." Clerk's Papers (CP) at 62. The trial court stated on the record its intent to impose only "the mandatory minimum" legal financial obligations. 2 Verbatim Report of Proceedings (December 13, 2018) at 247.

On Rhodes's judgment and sentence, the trial court imposed the following LFOs: $200 criminal filing fee; $250 jury demand fee; community custody supervision fees as determined by the Department of Corrections (DOC), and interest on nonrestitution financial obligations.

Rhodes appeals.

ANALYSIS

A.    LFOs

Rhodes challenges the provisions on his judgment and sentence imposing a criminal filing fee, jury demand fee, community custody supervision fee, and interest on nonrestitution LFOs in

light of *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018). The State concedes that these provisions should be stricken. We accept the State's concession.

Currently, the LFO statutes prohibit trial courts from imposing a criminal filing fee, jury demand fee, and interest accrual on a defendant under certain circumstances. *See* RCW 36.18.020(2)(h); RCW 10.46.190; RCW 10.82.090(2)(a); *Ramirez*, 191 Wn.2d at 746-47. Also, trial courts have the discretion to waive community custody supervision fees. RCW 9.94A.703(2)(d). Here, the trial court found Rhodes to be indigent under RCW 10.101.010(3)(c), and stated an intent to impose only mandatory minimum LFOs. Therefore, we accept the State's concession, and we remand for the trial court to strike the criminal filing fee, jury demand fee, supervision fee, and interest on nonrestitution LFOs from Rhodes's judgment and sentence.

B.    SAG ISSUES

1.    Exceptional Sentence Below Standard Range

Rhodes contends that the trial court should have imposed an exceptional sentence below the standard range of just time served because Goodlow was a willing participant and there was no violence. We disagree.

Generally, a sentencing court must impose a sentence within the standard range set by the Sentencing Reform Act of 1981, ch. 9.94A RCW. RCW 9.94A.505(1); *State v. Graham*, 181 Wn.2d 878, 882, 337 P.3d 319 (2014). However, RCW 9.94A.535(1) provides that a sentencing court may depart from the standard sentence range for substantial and compelling reasons and it may "impose an exceptional sentence below the standard range if it finds that mitigating circumstances are established by a preponderance of the evidence."

We review a sentencing court's decision to deny an exceptional sentence for abuse of discretion. *State v. McGill*, 112 Wn. App. 95, 99-100, 47 P.3d 173 (2002). A court abuses its discretion when it denies an exceptional sentence based on an incorrect belief that it is not authorized to grant the sentence. *See State v. O'Dell,* 183 Wn.2d 680, 696-97, 358 P.3d 359 (2015). In contrast, where a trial court considers the facts of the case and concludes that there is no factual or legal basis to impose an exceptional downward sentence, it has exercised discretion, and the trial court's ruling is not appealable. *McGill*, 112 Wn. App. at 100.

Here, Rhodes makes the same arguments raised and rejected below. The trial court recognized its ability to impose an exceptional sentence downward and considered Rhodes's arguments. But the court found no basis to impose an exceptional sentence, and imposed a standard range sentence. Therefore, based on the record, Rhodes fails to show that his standard range sentence is appealable.

2.      Community Custody

Rhodes next contends he "was not on Community Custody and . . . served 58 days," referring to two prior DOC violations and a prior criminal case.[1] SAG at 2. RAP 10.10(c) requires a party to apprise us of the nature and occurrence of any alleged error. Rhodes fails to do this. Accordingly, this contention is too vague to address on the merits.

---

[1] Here, Rhodes's judgment and sentence in the current case does not show that an additional point was added to his offender score based on community custody status. And the judgment and sentence states, "The defendant shall receive credit for eligible time served prior to sentencing if that confinement was solely under this cause number. RCW 9.94A.505. The jail shall compute time served." CP at 63.

We accept the State's concession regarding the LFOs and remand to the trial court to strike the criminal filing fee, jury demand fee, supervision fee, and interest accrual provision from Rhodes's judgment and sentence. We affirm all other aspects of Rhodes's sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Melnick, J.

_____
Glasgow, J.