# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54302-8-II |
| Respondent, | |
| v. | |
| RUBEN PAYAN ACUNA, aka RUBEN ACUNA PAYAN, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, A.C.J.—Ruben Payan Acuna, also known as (aka) Ruben Acuna Payan (hereinafter referred to as Payan), unlawfully entered a man's apartment while armed with a firearm, purportedly because Payan believed someone in the apartment had his wallet.[1] Payan argued with the man, beat him with the butt of his firearm, and shot him in his legs.

A jury found Payan guilty of first degree burglary and second degree assault, each with a firearm enhancement. At sentencing, the trial court used its discretion to apply the burglary antimerger statute, finding that Payan's actions were callous, deliberate, cruel, and unnecessary. The trial court sentenced Payan to a 128-month standard range sentence, including 36-month and 60-month consecutive firearm enhancements.

Payan appeals his sentence, arguing that he received ineffective assistance of counsel when his defense counsel failed to request that the two firearm enhancements be imposed concurrently. In a statement of additional grounds for review, Payan also argues that his judgment and sentence is facially invalid because it uses his incorrect name and that the firearm sentencing enhancements

---

[1] We note that the appellant has asked to be referred to as Ruben Acuna Payan, so we refer to him as Payan in this opinion.

were not proved beyond a reasonable doubt because the trial court did not enter written findings. We disagree and affirm Payan's sentence, but we remand to the trial court for the addition of "aka Ruben Acuna Payan" to the caption of the judgment and sentence.

FACTS

I. BACKGROUND

In November 2018, Payan went to Oscar Sanchez Galindo's apartment in Lakewood. When Galindo opened the door, Payan asked if Galindo's cousin, Franco, was there. Payan believed that Franco had taken his wallet. When Galindo told Payan that Franco had not been there in three days, Payan pulled out a handgun and pointed it at Galindo's head.

Payan entered Galindo's apartment and demanded that Galindo call Franco while continuing to point the gun at him. When Franco did not answer Galindo's phone call, Payan started hitting Galindo and shot him in his legs. Payan continued to hit Galindo with the butt of his gun and kick him in the groin, chest, and face. Payan threatened to kill Galindo while pressing the gun against his head. Eventually, Payan took Galindo's phone and left the apartment.

Payan testified at trial to a different version of events. After informing Payan that Franco was not home, Galindo told Payan not to come to the apartment again or he would shoot him. The two men each pulled handguns and pointed them at each other. Payan testified that he shot Galindo in the legs in self-defense.

The State charged Payan with second degree assault, first degree robbery, attempted second degree murder, and first degree burglary, each with a firearm enhancement. The jury found Payan guilty of second degree assault and first degree burglary and found that Payan was armed with a firearm at the time he committed each crime. The jury found Payan not guilty of first degree

2

robbery and could not come to a unanimous verdict on the attempted second degree murder charge, which was then dismissed.

At sentencing, the State urged the trial court to apply the antimerger statute so each of Payan's convictions would count against the other to increase his offender score to 2. Payan argued against application of the antimerger statute. He noted that regardless of the trial court's decision regarding the antimerger statute, the 2 firearm sentencing enhancements were "still mandatory and still consecutive" and would require a 96-month total sentencing enhancement on top of the standard range sentence. 12 Verbatim Report of Proceedings (VRP) at 1238.

The trial court chose to apply the antimerger statute and imposed a total sentence of 128 months including 36 months on the second degree assault firearm enhancement and 60 months on the first degree burglary firearm enhancement. The trial court explained, "[Payan] knocked on that door with a weapon, loaded, ready to fire, and in fact fired, injuring another human being. His acts were call[o]us. His acts were deliberate. His acts were cruel. And they were unnecessary. That's the Court's sentence." *Id.* at 1242.

## II. TRUE NAME

At a pretrial hearing, Payan informed the trial court that his true name was "Ruben Acuna Payan." Clerk's Papers at 301. The trial court entered a CrR 4.1(e) minute entry reflecting the assertion. The minute entry contained a notation directing the prosecuting attorney's office "to investigate the Defendant's assertion and make any necessary changes to the applicable documents as soon as practicable." *Id.* When the State subsequently filed a second amended information, Payan's attorney informed the trial court that Payan had told him his name was actually "Acuna Payan, not Payan Acuna." 2 VRP at 45. Payan's attorney proceeded to waive a formal reading of

the information and said he had "no objection to the Court accepting it" before entering not guilty pleas. *Id.*

Throughout trial, the filed pleadings listed "Ruben Payan Acuna" as the defendant. Payan asked the trial court to refer to him as "Acuna Payan," which it did in its oral rulings. The State explained that its investigation into Payan's true name revealed that the name used in the caption of the filings was correct:

> [STATE]: The Information that we have in our documents that have been filed with the Court and identification information is that the opposite [of Payan's contention that his name is Acuna Payan] is true. So the pleadings will have that name on it. That's why I used that name in the pleadings.
>
> Aside from the defendant's representations of what his true name is, the information that we have from the case file, investigation, is what is expressed on the lead pleading.
>
> I guess I don't have any specific objection as reading the name as he says his true name is. I don't know there's going to be any argument that he is not the person sitting in the court today.
>
> [PAYAN]: No.

7 VRP at 848. Throughout the remainder of the proceedings, the parties used "Payan Acuna" and "Acuna Payan" interchangeably, but all filings below referred to Payan as "Ruben Payan Acuna" or "Ruben Acuna."

In response to this court's inquiry, the State filed a declaration explaining that it had investigated whether "Ruben Payan Acuna" or "Ruben Acuna Payan" is the defendant's true name. The State could not locate a driver's license for the defendant. Both of the names are associated with the defendant in the Federal Bureau of Investigation (FBI) database, as well as other similar databases.

Payan appeals his sentence.

ANALYSIS

I. INEFFECTIVE ASSISTANCE OF COUNSEL

Payan argues that he received ineffective assistance of counsel when his defense counsel failed to request that the trial court impose the two firearm enhancements concurrently. We disagree.

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee effective assistance of counsel. *State v. Grier*, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011). Defense counsel's obligation to provide effective assistance applies to sentencing. *State v. Rattana Keo Phuong*, 174 Wn. App. 494, 547, 299 P.3d 37 (2013). To demonstrate that he received ineffective assistance of counsel, Payan must show both (1) that defense counsel's performance was deficient and (2) that the deficient performance resulted in prejudice. *State v. Linville*, 191 Wn.2d 513, 524, 423 P.3d 842 (2018). Defense counsel's performance is deficient if it falls below an objective standard of reasonableness. *State v. Estes*, 188 Wn.2d 450, 458, 395 P.3d 1045 (2017). Prejudice ensues if the result of the proceeding would have been different had defense counsel not performed deficiently. *Id.*

Payan contends that his counsel performed deficiently by not requesting that the firearm enhancements be imposed concurrently with each other because "the purpose of the [Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW,] supported an exceptional downward departure." Br. of Appellant 6. Payan likens this case to *State v. McFarland*, 189 Wn.2d 47, 399 P.3d 1106 (2017), and *State v. McGill*, 112 Wn. App. 95, 47 P.3d 173 (2002), but his argument is unavailing. In *McFarland*, the Washington Supreme Court held that RCW 9.94A.535 and .589(1)(c) permit the trial court to use its discretion to impose exceptional concurrent sentences for firearm related convictions. 189 Wn.2d at 54-55. And in *McGill*, Division One of our court held that resentencing

was appropriate where defense counsel failed to cite case law informing the trial court of its discretion to impose an exceptional sentence downward. 112 Wn. App. at 101. But here, the trial court had no such discretion.

The SRA is clear that a trial court's discretion to impose an exceptional sentence downward does not extend to firearm enhancements. *State v. Brown*, 139 Wn.2d 20, 29, 983 P.2d 608 (1999), *overruled on other grounds by State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017). The *McFarland* court expressly distinguished firearm enhancements from firearm convictions. 189 Wn.2d at 55. RCW 9.94A.533(3)(e) provides that the firearm enhancement, if applicable, is mandatory and shall run consecutively to all other sentencing provisions "[n]otwithstanding any other provision of law." *See also State v. Mandefaro*, 14 Wn. App. 2d 825, 830-33, 473 P.3d 1239 (2020) (declining to depart from *Brown*).

Contrary to Payan's argument on appeal, his trial counsel did not misinform the trial court about its discretion when he told the trial court the firearm enhancements were mandatory and consecutive. Defense counsel did not perform deficiently by accurately stating the law at sentencing or by failing to request an exceptional sentence that was legally unavailable to Payan.

Moreover, Payan cannot show that any deficient performance prejudiced him. Rejecting Payan's arguments in opposition, the trial court used its discretion to apply the antimerger statute, thereby *increasing* Payan's standard sentence range. The trial court stated that Payan's actions were "call[o]us," "deliberate," "cruel," and "unnecessary." 12 VRP at 1242. Based on this record there is no reasonable likelihood that the sentencing court would have imposed an exceptional sentence *downward* had Payan's defense counsel requested one.

## II. STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

A.     Incorrect Name

Payan argues that his name is incorrect on his judgment and sentence. He contends that this error renders his entire judgment and sentence facially invalid and requires resentencing. We disagree that he is entitled to resentencing, but we remand for the trial court to add "aka Ruben Acuna Payan" to the caption of his judgment and sentence.

During trial, the State informed the trial court that its investigation into Payan's true name revealed that "Ruben Payan Acuna" appeared to be the correct name. Payan did not further object and did not challenge any of the filings that were captioned "Ruben Payan Acuna."

Upon our order to do so, the State further investigated Payan's true name and filed additional briefing. Nothing in the State's investigation supports a conclusion that Payan's name is incorrect in the caption. But the investigation revealed that "Ruben Acuna Payan" appears in the FBI database and other similar databases as an alternative name for the defendant.

Clerical errors are those errors which "do not embody the trial court's intention as expressed in the trial record." *State v. Morales*, 196 Wn. App. 106, 117, 383 P.3d 539 (2016). Where an amendment would merely correct language to reflect the court's intention or add language the trial court inadvertently omitted, the amendment amounts to correction of a clerical error. *State v. Rooth*, 129 Wn. App. 761, 770, 121 P.3d 755 (2005). Although omission of the aka "Ruben Acuna Payan" was not necessarily error, we remand to the trial court solely to add this aka to the caption of the judgment and sentence to avoid any future confusion. Payan is not entitled to resentencing.

No. 54302-8-II

B.      Special Verdict

Payan also argues that the firearm sentencing enhancements were not proved beyond a reasonable doubt because the trial court did not enter written findings of fact. We disagree.

"Any fact, besides the fact of a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *In re Pers. Restraint of Delgado*, 149 Wn. App. 223, 231-32, 204 P.3d 936 (2009). Here, the jury returned special verdicts of "yes" for each of the two firearm enhancements. Payan does not challenge the jury instructions or argue that insufficient evidence supported the jury's special verdicts. Accordingly, the special jury verdicts were sufficient to support the imposition of the firearm sentencing enhancements and no further findings of fact were necessary.

We affirm Payan's sentence but remand to the trial court for the addition of "aka Ruben Acuna Payan" to the caption of the judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, ACJ
_____
Glasgow, A.C.J.

We concur:

Worswick J
_____
Worswick, J.

Cruser, J.
_____
Cruser, J.

8