15 P.3d 719 (2001)
104 Wash.App. 263
STATE of Washington, Respondent,
v.
Mario HERNANDEZ-HERNANDEZ, Appellant.
No. 18308-4-III.
Court of Appeals of Washington, Division 3, Panel One.
January 18, 2001.
*720 John W. Beuhler, Jr., Paul J. Cassel, Cassel, Beuhler, Ditommaso & Murdock, Wenatchee for Appellant.
James A. Hershey Deputy Prosecuting Atty., Wenatchee, for Respondent.
KATO, J.
Mario Hernandez-Hernandez claims he received ineffective assistance of counsel because his lawyer did not seek an exceptional sentence downward on his two convictions for unlawful delivery of a controlled substance. We affirm.
Mr. Hernandez-Hernandez was convicted of two counts of delivering cocaine. On one of the convictions, the jury returned a special verdict that the delivery occurred in a park. His standard range for each delivery count was 36-48 months. The court was also required to impose an additional 24 months on the park delivery because of the enhancement. At sentencing, the State recommended a standard range sentence at the high end. Defense counsel argued that a standard range sentence at the low end was warranted because only small amounts of cocaine were involved; this was his first offense; and he was a loyal and trustworthy employee and the father of three children.
The court imposed concurrent sentences of 60 months on the delivery conviction with the park enhancement and 48 months on the other conviction. In imposing this sentence, the court noted "a pretty hefty standard range." This appeal follows.
Mr. Hernandez-Hernandez claims it was ineffective assistance of counsel for defense counsel not to request an exceptional sentence downward. To establish ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient and that he was prejudiced by the deficiency. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Thomas, 109 Wash.2d 222, 226, 743 P.2d 816 (1987). The first prong is met by showing that defense counsel's performance was not reasonably effective under prevailing professional norms. The second prong is met by showing that, but for counsel's errors, the result would have been different. State v. McFarland, 127 Wash.2d 322, 334-35, 899 P.2d 1251 (1995).
Mr. Hernandez-Hernandez claims it was deficient for defense counsel not to argue for an exceptional sentence below the standard range based on State v. Sanchez, 69 Wash. App. 255, 261, 848 P.2d 208, review denied, 122 Wash.2d 1007, 859 P.2d 604 (1993) because the multiple offense policy resulted in a clearly excessive presumptive sentence. In Sanchez, the defendant was convicted of three counts of delivering cocaine. All were controlled buys of small amounts of cocaine and were initiated by police to the same informant over a brief period of time. Finding the difference between the first buy and all three buys was trivial or trifling, the court held that the operation of the multiple offense policy resulted in a sentence that was clearly excessive and the sentencing court had the power to impose an exceptional sentence downward. Sanchez, 69 Wash.App. at 261-62, 848 P.2d 208.
Defense counsel failed to cite Sanchez to the sentencing court. Failure to cite controlling case law may be grounds for finding ineffective assistance. See State v. Ermert, 94 Wash.2d 839, 850, 621 P.2d 121 (1980).
Defense counsel did, however, argue for a low-end standard range sentence based upon the small amounts of cocaine involved; his client's lack of prior criminal history; his history of being a good, loyal, trustworthy, and long-standing employee; and his having three children for whom he was responsible. Counsel also explained to the court that Mr. Hernandez-Hernandez faced deportation proceedings as a result of the convictions. These arguments encompassed some of the mitigating factors in Sanchez. Although the Sanchez principle permitted an exceptional sentence downward, it was not controlling since the court in its discretion could, and did, impose a standard range sentence.
Assuming counsel was deficient, Mr. Hernandez-Hernandez cannot show the requisite prejudice. His counsel argued the mitigating factors in seeking a low-end standard range sentence. The court had the discretion to impose an exceptional sentence downward *721 with or without counsel's request; it did not. The prejudice, if any, was slight. Under the circumstances, we are not convinced the outcome would have been different had defense counsel argued Sanchez to support an exceptional sentence. Mr. Hernandez-Hernandez did not receive ineffective assistance.
Pro se, he claims the court abused its discretion by failing to recognize it had the authority to impose an exceptional sentence downward. Other than his mere assertion, however, he makes no showing that the court abused its discretion by imposing a standard range sentence.
Affirmed.
BROWN, A.C.J., and SWEENEY, J., concur.