IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46312-1-II |
| Respondent, | |
| v. | |
| DANIEL BLANE HECKER, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Daniel Hecker appeals his sentence following a bench trial. Hecker was convicted of felony domestic violence court order violation[1] and misdemeanor making a false statement to a public servant.[2] At sentencing, defense counsel sought an exceptional sentence downward. The sentencing court declined to impose an exceptional sentence, and instead sentenced Hecker to the low end of the standard sentencing range. Hecker appeals, arguing that his counsel rendered ineffective assistance by failing to properly advise the court of its sentencing authority. We agree and remand for resentencing.

FACTS

Pierce County Sheriff's Deputy, Aaron Thompson, conducted a routine records check on a vehicle driving in Pierce County, and discovered that the vehicle was listed as stolen. Deputy Thompson removed and detained all three occupants of the vehicle. A woman in the back seat was identified as Kathy Jo Devine. Hecker, the front seat passenger, told Deputy Thompson his

---

[1] RCW 26.50.110(5).

[2] RCW 9A.76.175.

name was "Mark B. Jones," his date of birth was September 30, 1962, and he had never had a state identification card out of any state. Clerk's Papers (CP) at 39. Deputy Thompson was unable to find any record of a Mark B. Jones born on September 30, 1962.

Deputy Thompson then conducted a records check for Devine, which revealed that Devine was the protected party under three separate protection orders listing Hecker as the party restrained from contacting her. Deputy Thompson looked up a booking photo for Hecker and identified him as the front seat passenger who had given the name "Mark B. Jones." When confronted, Hecker admitted his identity. Hecker also admitted he knew about the protection orders. Deputy Thompson placed Hecker under arrest for violation of a protection order and making a false statement to a public servant.

On September 23, 2013, Hecker was charged by information of one count of domestic violence court order violation and one count of making a false or misleading statement to a public servant. Hecker pleaded guilty to the charge of making a false statement to a public servant. Following a bench trial, Hecker was found guilty of domestic violence court order violation.

At the time of sentencing, Hecker had six prior convictions for violation of a protection order. Five of those convictions were Tacoma Municipal Court convictions from 1992. The most recent conviction for violation of a protection order occurred in 2012 in Pierce County.

At sentencing, defense counsel moved for an exceptional sentence downward "due to the unfair nature of the charge against [Hecker]." CP at 14. Counsel argued that because there was not a ten-year limitation for counting prior convictions under RCW 26.50.110(5), as there was

for the felony driving under the influence (DUI) statute, the consequence was unfair.[3] Defense

counsel also noted Hecker "was merely in the presence of the protected party, and was there at

the request of the protected party," and questioned whether under the circumstances Devine was

a victim. CP at 15. Counsel offered no authority suggesting the court could consider Devine's

consent to the contact as a mitigating factor, and focused solely on the unfairness of the sentence

in comparison to the DUI statutory scheme.

During allocution, Hecker explained the nature of the contact with Devine and

apologized for violating the order:

> Your Honor, I was leaving the grocery store. Ms. Devine approached me.
> She said she needed help. I agreed to give her help. She had become homeless. I
> was going to pay for a room.
> I wasn't—I didn't set out to break the law. I just did. For that I apologize.

Verbatim Report of Proceedings (VRP) at 191-92.

The sentencing court rejected the DUI comparison argument, stating that comparing the

fairness of different statutes was the Legislature's role. The court declined to impose an

exceptional sentence downward:

> And [the sentencing guidelines] aren't guidelines like, you know, a dashed
> yellow down the middle of the street. These are guidelines like the concrete barriers
> that they give the court. This isn't something that the court just willy-nilly says
> well, in this particular case I don't like them so I'm going to do what I want to do.
> That's not the way it works.
> There are (sic) the possibility of doing exceptional sentences downward, but
> the facts have to be exceptional. I don't find these facts are exceptional. This is
> exactly what this order is intended to cover. Exactly what it's intended to cover.
> The court is going to give the low range. . . .

---

[3] Counsel compared the statute elevating Hecker's charge to a felony based on prior convictions, RCW 26.50.110(5), to RCW 26.61.502(6) which similarly elevates a misdemeanor DUI to a felony based on prior convictions. Counsel pointed out that the DUI statutory scheme elevates the violation from a misdemeanor to a felony only after four offenses within ten years, whereas the VNCO offense elevates to a felony after only two prior offenses with no time period cap.

I do appreciate this was a non-violent situation, and that's why it's at the lowest range. It does appear to me—without the alleged victim being here there's not much way for me to know one way or the other—but the evidence before me is it's something she may have invited. But this happens with regularity when there's no contact orders in the first place. Something the Legislature is fully aware of. These are sometimes invited by the alleged victim. In fact, oftentimes are.

VRP at 193-94.

The sentencing court imposed a low end standard range sentence of 33 months for felony domestic violence court order violation. The court also imposed a concurrent 90-day sentence for giving false information to a public servant.

ANALYSIS

Hecker argues that he received ineffective assistance of counsel when his trial counsel failed to inform the sentencing court of its authority to impose an exceptional sentence downward based on Devine's willing participation in the violation. We agree.

I. STANDARD OF REVIEW

To show ineffective assistance of counsel, a defendant must show (1) that defense counsel's conduct was deficient, and (2) that the deficient performance resulted in prejudice. *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004); *see also Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To show deficient performance, Hecker must show that defense counsel's performance fell below an objective standard of reasonableness. *Reichenbach*, 153 Wn.2d at 130. To show prejudice, Hecker must show a reasonable possibility that, but for counsel's purportedly deficient conduct, the outcome of the proceeding would have differed. 153 Wn.2d at 130. Because ineffective assistance of counsel claims present mixed questions of law and fact, we review them de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

## II. Deficient Performance

Hecker argues that his counsel's performance was deficient because he failed to properly advise the court of its sentencing authority. We agree.

As we stated above, Hecker must show that defense counsel's performance fell below an objective standard of reasonableness. RCW 9.94A.535 allows a trial court to deviate downward from a standard sentence if it finds that certain mitigating factors warrant such a departure. One such mitigating circumstance is when "to a significant degree, the victim was an initiator, willing participant, aggressor, or provoker of the incident." RCW 9.94A.535(1)(a). Additionally, Washington courts have held that while consent is not a defense to violating a no contact order, a victim's willing presence is a mitigating factor the court may consider at sentencing. *State v. Bunker*, 144 Wn. App. 407, 421, 183 P.3d 1086 (2008).

Here, counsel requested an exceptional sentence. However, his advocacy centered on a failed fairness argument and an appeal to "mercy and leniency" rather than the victim's willing presence. There were clear statutory grounds and supporting case law that could have justified the trial court's imposition of an exceptional sentence downward. Counsel's failure to base his argument on such legal grounds constituted deficient performance. *State v. Hernandez-Hernandez*, 104 Wn. App. 263, 266, 15 P.3d 719 (2001).

## III. Prejudice

Hecker further argues that his counsel's deficient performance prejudiced him. Again, we agree.

To satisfy the prejudice prong of the *Strickland* test for ineffective assistance of counsel, Hecker must show that there was a reasonable likelihood the trial court would have granted an

exceptional sentence downward had defense counsel presented the proper argument. *Reichenbach*, 153 Wn.2d at 130.

This case is similar to *State v. McGill*, 112 Wn. App. 95, 47 P.3d 173 (2002). In *McGill*, a defendant was convicted of two counts of delivery of cocaine and one count of possession with intent to deliver cocaine. 112 Wn. App. at 98. Following a jury trial, the trial court stated that it had "no option but to sentence [McGill] within the range," and imposed a low end sentence. 112 Wn. App. at 99. McGill's counsel failed to inform the trial court that there were permissible bases to impose an exceptional sentence downward. 112 Wn. App. at 97. On appeal, Division One of this court held that McGill received ineffective assistance where the trial court's comments indicated that it would have considered an exceptional sentence had it known it could. 112 Wn. App. at 101-02.

Here, like in *McGill*, the record suggests that the trial court was unaware of its decision-making authority. The court understood that it could impose an exceptional sentence, but explained "the facts have to be exceptional." VRP at 193. The trial court emphasized the Legislature's consideration when setting sentencing guidelines, explaining that the sentencing guidelines were more like concrete barriers than a painted line on a road, and that in setting the standard sentence for Hecker's crime, the legislature had already considered that the contact may have been invited.

However, the trial court failed to consider, because of counsel's deficient performance, that the Legislature provided mitigating factors enumerated in RCW 9.94A.535. The sentencing guidelines may indeed be "like the concrete barriers" in a road, but RCW 9.94A.535 gives the trial court off-ramps should it choose to utilize them. The trial court's statements show that it

was unaware that a victim's willing participation may be statutory grounds for an exceptional downward sentence under RCW 9.94A.535.

"A trial court cannot make an informed decision if it does not know the parameters of its decision-making authority. Nor can it exercise its discretion if it is not told it has discretion to exercise." *McGill*, 112 Wn. App. at 102. Because there is a reasonable probability the sentencing court would have imposed an exceptional downward sentence had it known Devine's willing participation constituted a mitigating factor explicitly contemplated by the Legislature in RCW 9.94A.535, resentencing is required. 112 Wn. App. at 100-01.

## STATEMENT OF ADDITIONAL GROUNDS

In his SAG, Hecker challenges his sentence by arguing that the sentencing court improperly calculated his offender score and that his counsel rendered ineffective assistance by failing to raise the issue. We do not address this claim.

Hecker argues that his 1989 conviction for attempted unlawful possession of a controlled substance with intent to deliver should have washed out within five years. The required number of years spent in the community without being convicted of any additional felonies before a prior conviction is not included in one's offender score varies depending on what class felony the prior conviction was. Former RCW 9.94A.360(2) (1989). It is not clear from the record what class felony Hecker's 1989 conviction was. Without knowing whether his 1989 conviction was a Class A, Class B, or Class C felony, we cannot address whether his offender score was improperly calculated. We assume the trial court will properly recalculate Hecker's offender score at resentencing.

7

No. 46312-1-II

We remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Johanson, C.J.

Maxa, J.