**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                  Respondent,<br><br>      v.<br><br>TYLER JORDAN KEENER,<br><br>                  Appellant. | No. 80139-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DWYER, J. — Tyler Keener appeals from his conviction for robbery in the first degree. Keener, who was 24 years old when he committed the crime, contends that remand for resentencing is required because the sentencing court failed to sua sponte consider whether Keener's youthfulness justified an exceptional mitigated sentence. Keener further contends that defense counsel's failure to request an exceptional sentence on the basis of youthfulness constituted ineffective assistance. Finding no error, we affirm.

I

On November 19, 2017, Shanita Stewart-Burrell drove to a Safeway parking lot in Auburn to meet Kendrick Kwok and buy a car stereo from him. When she arrived, Keener was with Kwok. Stewart-Burrell knew Kwok as a friend of her husband's but she had never met Keener. Kwok told Stewart-Burrell that he needed to return home to pick up the stereo. The two men got into Stewart-Burrell's car, and Kwok directed her to drive to F Street in Auburn. Kwok

and Keener exited the car, and Stewart-Burrell stayed in the car waiting for them. After some time, Kwok and Keener returned without the stereo. Kwok got into the passenger seat and Keener got in the back seat behind Stewart-Burrell. Keener grabbed Stewart-Burrell, put a gun to her head, and said, "Give me the money. Give me everything."[1] Keener directed Kwok to take Stewart-Burrell's money and keys. Kwok was unable to pull the keys from the ignition. Stewart-Burrell, fearing she would never see her children again, removed the keys and tossed them. Kwok grabbed the keys and the two men fled down an alley.

Stewart-Burrell called 911. She gave police Kwok's name and, after describing Keener to her husband, he provided Keener's name and photograph. Shortly afterward, police discovered Keener and Kwok hiding in the storage space beneath the mattress of a nearby motorhome. Police arrested both men and recovered Stewart-Burrell's keys. Keener told police that he and Kwok were going through heroin withdrawal and that they planned in advance to commit the crime.

The State charged Keener with one count of robbery in the first degree. A jury found Keener guilty as charged. Based on an offender score of zero, Keener faced a standard range sentence of 31 to 41 months. Defense counsel submitted a sentencing memorandum asking the court to impose a low-end standard range sentence of 31 months. In support of this request, defense counsel noted that Keener was a heroin addict with no history of violence who was 24 when he committed the robbery. Citing State v. O'Dell, 183 Wn.2d 680,

---

[1] The gun used in the crime was in fact a BB gun that looked like a real handgun.

358 P.3d 359 (2015), defense counsel asserted that "the brains of young men are often underdeveloped until they are in their middle-twenties" and that "youthful offenders are fundamentally different from adults." Keener submitted a written statement taking responsibility for his actions and acknowledging that he is a drug addict in need of treatment. Keener also expressed concern that he would be exposed to as many drugs in prison as he would on the street.

At the sentencing hearing, the court acknowledged that Keener had accepted responsibility for his actions and agreed that he needs treatment for his drug addiction. The court also noted that Keener was not eligible for certain sentencing alternatives due to the violent nature of his crime. The court imposed a low end standard range sentence of 31 months as defense counsel requested. Keener appeals.

II

Keener contends that the sentencing court erred by failing to sua sponte recognize and exercise its discretion to impose an exceptional mitigated sentence based on his youth. We disagree.

The Sentencing Reform Act of 1981, chapter 9.94A RCW, provides that a standard range sentence "shall not be appealed." RCW 9.94A.585(1). However, "this rule does not preclude a defendant from challenging on appeal the underlying legal determinations by which the sentencing court reaches its decision." State v. McFarland, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017). "A trial court errs when 'it refuses categorically to impose an exceptional sentence below the standard range under any circumstances' or when it operates under the

'mistaken belief that it did not have the discretion to impose a mitigated exceptional sentence for which [a defendant] may have been eligible.'" McFarland, 189 Wn.2d at 56 (alteration in original) (quoting State v. Garcia-Martinez, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997)).

Keener relies primarily on O'Dell and McFarland. In O'Dell, the Washington Supreme Court held that a defendant's youthfulness is a mitigating factor that may justify an exceptional sentence below statutory sentencing guidelines, even when the defendant is a legal adult. 183 Wn.2d at 688-89. O'Dell had just turned 18 when he was convicted of second degree rape. O'Dell, 183 Wn.2d at 683. Defense counsel asked the court to impose an exceptional downward sentence below the standard range because O'Dell's youthfulness impacted his ability to appreciate the wrongfulness of his conduct. O'Dell, 183 Wn.2d at 685. The court ruled that it could not consider age as a mitigating circumstance because O'Dell was a legal adult. O'Dell, 183 Wn.2d at 685. The Washington Supreme Court held that the sentencing court abused its discretion because it erroneously believed that it could not consider youth as a mitigating factor and therefore failed to consider whether O'Dell's youth impacted his culpability. O'Dell, 183 Wn.2d at 696-97. Similarly, in McFarland, the Washington Supreme Court remanded for resentencing where the trial court erroneously stated that it lacked discretion to impose consecutive firearm-related sentences and the record suggests the possibility that the trial court would have imposed a different sentence had it understood its discretion to do so. 189 Wn.2d at 58-59.

Here, unlike O'Dell and McFarland, nothing in the record indicates that the sentencing court refused to impose an exceptional mitigated sentence based on an erroneous belief that it lacked the discretion to do so. Keener argued that the sentencing court should impose a low end standard range sentence because he did not have a history of committing violent crimes and because his age and his heroin addiction impaired his ability to clearly assess the consequences of his actions. The court agreed and imposed the sentence Keener requested. Neither party told the court that it could not impose an exceptional sentence, and there is no indication that the court misunderstood the law.

Nor did the sentencing court express discomfort in sentencing Keener at the low end of the standard range. The court acknowledged that Keener had accepted responsibility for his actions, agreed that Keener needed drug treatment, and noted that certain sentencing alternatives were not available because the crime of first degree robbery is a violent offense. The court did not state or imply that a low-end standard range sentence was inappropriate or unjust for any reason, including Keener's age. Although Keener referenced youthfulness in requesting a lenient standard range sentence, "age is not a per se mitigating factor" that automatically entitles young defendants to an exceptional sentence downward. O'Dell, 183 Wn.2d at 695. Given that Keener was 24 when he committed the crime, significant evidence of lack of maturity would be needed to reasonably establish that an exceptional sentence was warranted on this basis. Under these circumstances, the sentencing court did

5

not abuse its discretion by failing to sua sponte consider imposing an exceptional downward sentence based on youthfulness.

III

Keener further argues that he received ineffective assistance of counsel at sentencing when his attorney failed to expressly request an exceptional downward sentence based on the mitigating factor of youth under O'Dell. We disagree.

We review claims of ineffective assistance of counsel de novo. State v. Sutherby, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). To prevail on a claim of ineffective assistance of counsel, the defendant must show both (1) that defense counsel's representation was deficient and (2) that the deficient representation prejudiced the defendant. State v. Grier, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011). The first prong is met by a defendant showing that the performance falls below an objective standard of reasonableness. Grier, 171 Wn.2d at 33. There is a strong presumption that counsel's representation was effective. State v. Brett, 126 Wn.2d 136, 198, 892 P.2d 29 (1995). "When counsel's conduct can be characterized as legitimate trial strategy or tactics, performance is not deficient." State v. Kyllo, 166 Wn.2d 856, 863, 215 P.3d 177 (2009). The second prong is met if the defendant establishes "a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different." Kyllo, 166 Wn.2d at 862. If either prong is not satisfied, the defendant's claim fails. State v. Thomas, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987).

Keener likens his case to that of the defendant in State v. McGill, 112 Wn. App. 95, 47 P.3d 173 (2002). In McGill, defense counsel failed to cite controlling case law and use it to request an exceptional downward sentence. McGill, 112 Wn. App. at 97. The trial court stated that it had "no option but to sentence [McGill] within the [standard] range" and imposed a low end sentence. McGill, 112 Wn. App. at 99. This court held that McGill received ineffective assistance where defense counsel failed to cite controlling precedent and the trial court "erroneously believed it could not depart from a standard range sentence even though it expressed a desire to do so." McGill, 112 Wn. App. at 97.

Here, unlike McGill, defense counsel properly cited controlling authority that would have supported a request for an exceptional downward sentence. But even if defense counsel's decision to cite O'Dell in support of a low-end standard range sentence rather than an exceptional downward sentence could be characterized as deficient performance, we cannot on this record say that it was prejudicial. At age 24, Keener was well into adulthood, and the evidence in the record indicated that his crime was motivated by his need to support his long-time heroin addiction rather than mere youthful immaturity. Also unlike McGill, the sentencing court did not expressly determine that it did not have the discretion to impose an exceptional downward sentence and did not express a desire to do so. Rather, the court accepted defense counsel's argument that Keener deserved a lenient standard range sentence for multiple reasons. Although it is theoretically possible that the sentencing court would have given Keener a different sentence had his attorney expressly requested an exceptional

7

downward sentence, "mere possibilities do not establish a prima facie showing of actual and substantial prejudice." In re Pers. Restraint of Meippen, 193 Wn.2d 310, 317, 440 P.3d 978 (2019). Because Keener has not demonstrated prejudice, his ineffective assistance claim fails.

Affirmed.

_____
Duyn, J.

WE CONCUR:

_____   _____
Chun, J.                    Dwyer, J.